UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHANNON DICKERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-00624-SEB-TAB |
| | ) | |
| INDIANA NATIONAL GUARD, | ) | |
| OFFICE OF THE ADJUTANT GENERAL | ) | |
| OF THE STATE OF INDIANA, | ) | |
| COURTNEY P. CARR Adjutant General | ) | |
| of the State of Indiana, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This cause is before the Court on Defendants' motions to dismiss [Docket Nos. 56, 58] filed on February 11, 2016. For the reasons stated below, the motion referenced at Docket No. 56 is **GRANTED** and the motion referenced at Docket No. 58 is **DENIED AS MOOT.**

Plaintiff Shannon Dickerson originally filed this action against the Indiana National Guard and the Office of the Adjutant General for the State of Indiana on April 17, 2015, alleging that, in response to her complaints of domestic abuse at the hands of her husband Brian Dickerson, Defendants failed to abide by certain Army Regulations that require prompt reporting, evaluation, and assistance with regard to allegations of

1

child or spousal abuse. The Complaint contained two Counts: (1) an action for mandate, pursuant to Indiana Code § 34-27-3, and (2) a Due Process challenge, pursuant to 42 U.S.C. § 1983. Dkt. 1 at ¶¶ 86, 87.

On June 16, 2015, Defendants filed a motion to dismiss Plaintiff's Complaint arguing that they were entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution and that they were not "persons" subject to suit, pursuant to 42 U.S.C. § 1983. Dkt. 14.

In response, on July 14, 2015, Plaintiff filed an Amended Complaint adding as Defendants: former Adjutant General, Martin Umbarger; former Assistant to the Adjutant General, Colonel David Shorter; Indiana National Guard Judge Advocate, Colonel Marilyn Moores; acting Inspector General for the Office of Adjutant General, Colonel Frederick Carter; Director of Joint Staff with the Indiana National Guard, Brigadier General Brian Copes; Vice Chief of Staff with the Indiana National Guard, Colonel Mark Coers; Vice Chief of Staff with the Indiana National Guard, Colonel Todd Townsend; and current Adjutant General, Courtney Carr. See Dkt. 19.

Thereafter, on August 25, 2015, Defendants filed a motion to dismiss Plaintiff's Amended Complaint arguing that the Army Regulations relied upon by Plaintiff neither apply to Defendants nor create a private right of action; that Defendants are entitled to sovereign immunity; that Defendants are not subject to suit under 42 U.S.C. § 1983 in their official capacities; and that the Court lacks subject matter jurisdiction over the case

pursuant the "domestic relations exception" and the "*Younger* abstention doctrine." Dkt. 28.

On October 26, 2015, prior to issuing a ruling on the pending motion to dismiss, the Court approved the parties' joint stipulation of dismissal relating to Plaintiff's § 1983 claims against all Defendants, and modified Plaintiff's mandamus claim to clarify that Plaintiff was not seeking enforcement of Army Regulation 608-99. Dkt. 46.

On January 13, 2016, Plaintiff filed a Second Amended Complaint in which she retained only her state action seeking a mandate against Defendants Indiana National Guard, the Office of Adjutant General, and Adjutant General Courtney Carr, pursuant to Ind. Code § 34-27-3. Dkt. 49 at ¶ 146. She added a federal action for mandate against Colonel Frederick Carter as well, pursuant to 28 U.S.C. § 1361. *Id.* at ¶ 148.

On February 11, 2016, Defendants Indiana National Guard, the Office of Adjutant General, and Adjutant General Carr (the "State Defendants") filed the pending motion to dismiss repeating the arguments of their prior motions. Dkt. 56. Colonel Carter filed a separate motion to dismiss arguing that "[m]andamus relief is an extraordinary remedy that is not warranted in this case." Dkt. 58.

After several extensions of time were granted to the parties, the Court approved a jointly filed dismissal of Colonel Carter on June 28, 2016 [Dkt. 73], thereby mooting his separately filed motion to dismiss [Dkt. 58]. What remains before us, therefore, is the State Defendants' motion to dismiss Plaintiff's Second Amended Complaint [Dkt. 56]. In light of the dismissal of Colonel Carter as well as Plaintiff's concession that the Army

3

Regulations provide no private right of action and her statement that she is proceeding against the State Defendants only under Ind. Code § 34-27-3-1, see Dkt. 71 at 7–8, we have found ourselves without subject matter jurisdiction over this action.

The district courts of the United States are "courts of limited jurisdiction," which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). In light of this limitation, federal district courts have a constitutional obligation to scrutinize complaints for jurisdictional defects, and to dismiss, on their own initiative, suits over which they lack subject matter jurisdiction. *See Joyce v. Joyce,* 975 F.2d 379, 386 (7th Cir. 1992).

Two general avenues are available to a plaintiff through which she can establish subject matter jurisdiction and thereby secure a federal forum: "federal question" cases by which a plaintiff seeks to vindicate a federal right arising under the Constitution, laws, or treaties of the United States, s*ee* 28 U.S.C. § 1331; and "diversity" cases—civil actions between citizens of different states, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens, *see* 28 U.S.C. § 1332.[1]

Here, Plaintiff does not have access to either pathway. Plaintiff's Second Amended Complaint asserts that our court has original "federal question" jurisdiction over her mandamus action against Colonel Carter, brought pursuant to 28 U.S.C. § 1361, and supplemental jurisdiction over her mandamus actions against the State Defendants,

---

[1] Once a court has original jurisdiction over some claims in a suit, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy. *See Mine Workers v. Gibbs,* 383 U.S. 715, 728 (1966).

4

brought pursuant to Ind. Code § 34-27-3. See Dkt. 49 at 1–2. Plaintiff's dismissal of Colonel Carter from this suit leaves the only the claims brought against the Indiana National Guard, the Office of Adjutant General, and Adjutant General Carr—all of whom are citizens of Indiana. Moreover, in her response to the State Defendants' motion to dismiss these claims, Plaintiff has conceded that "[s]ince State Defendants' (sic) are _state_ actors and/or officials, [she] could not maintain an action under 28 U.S.C. § 1361 (federal mandamus) but _only_ under Ind. Code § 34-27-3-1 (state mandamus)." Dkt. 71 at 8 (emphasis original). As it stands, Plaintiff seeks to vindicate a _state right_ under a _state law_ against _state actors_. Accordingly, we **GRANT** the State Defendants' motion to dismiss [Docket No. 56] on jurisdictional grounds and **DISMISS** this cause **without prejudice**. Colonel Carter's motion to dismiss [Docket No. 58] is **DENIED as moot**. Judgment shall enter accordingly.

IT IS SO ORDERED.

Date: 9/7/2016

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Alex Maurice Beeman
BEEMAN LAW
alex@beemanlawoffice.com

Andrea Lynn Ciobanu
CIOBANU LAW, PC
aciobanu@ciobanulaw.com

Nikki G. Ashmore
INDIANA ATTORNEY GENERAL
Nikki.Ashmore@atg.in.gov

Betsy M. Isenberg
OFFICE OF THE ATTORNEY GENERAL
Betsy.Isenberg@atg.in.gov

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov